FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2014 SEP 26 P 4: 18

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil No. 1:14-cv- |
| v. | ) | 1273 (LMB/IDD) |
| | ) | **FILED *EX PARTE* AND UNDER SEAL**[1] |
| HAMMAD AKBAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, the United States of America, by and through its undersigned counsel, alleges the following:

1.  This is a civil action brought under Title 18, United States Code, Section 2521, and Federal Rule of Civil Procedure 65, to enjoin the Defendants from continuing to engage in violations of Title 18, United States Code, Sections 2512(1)(b) (sale of an interception device), 2512(1)(c)(i) (advertisement of a known interception device), and 2512(1)(c)(ii) (advertising a device as an interception device), by means of marketing, advertising, and selling a mobile spyware application ("app") that illegally intercepts wire and electronic communications made using smartphones.

2.  StealthGenie is an app designed to run on a variety of mobile smartphone platforms, including Google Inc.'s Android platform, Blackberry Limited's Blackberry platform, and Apple Inc.'s iPhone platform.  It surreptitiously intercepts a variety of both outgoing and incoming wire and electronic transmissions to and from the smartphone on which it is installed.

---

[1] This filing is accompanied by a Motion to Seal and a Memorandum in Support, as required by Local Civil Rule 5(D).

## Parties

3.     Plaintiff is the United States of America.

4.     Defendant Hammad Akbar is a citizen of Pakistan believed to be residing at 48 D-1a Gulberg III, off MM Alam Road, Lahore, 54660, PAKISTAN.  Akbar is the Chief Executive Officer of InvoCode Pvt Ltd ("InvoCode"), the company that sells the StealthGenie app.  He is a leader of the criminal conspiracy responsible for StealthGenie.

## Jurisdiction and Venue

5.     Subject matter jurisdiction lies pursuant to Title 18, United States Code, Sections 1345(a)(1) and 2521 and Title 28, United States Code, Sections 1331 and 1345.

6.     Defendant is subject to the personal jurisdiction of this Court, having sold and advertised StealthGenie using a computer server located at an Amazon Web Services, Inc. data center located in Ashburn, Virginia, which is in the Eastern District of Virginia.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## Sale and Advertisement of StealthGenie

8.     Akbar and his employees and agents created StealthGenie.  The app was designed with numerous functionalities that permitted it to intercept a variety of both outgoing and incoming wire and electronic transmissions to and from the smartphone on which it was installed.  These functionalities included the interception of the following types of wire and electronic communications:

a.     Call Recording:  Records all incoming/outgoing voice calls or those specified by the purchaser of the app (hereinafter "purchaser");

2

b.    Call Interception:  Allows the purchaser to intercept calls on the phone to be monitored while they take place, without the knowledge of the monitored smartphone user (hereinafter "user");

c.    Recorded Surroundings:  Allows the purchaser to call the phone and activate it at any time to monitor all surrounding conversations within a fifteen (15)-foot radius without the knowledge of the user;

d.    Electronic Mail: Allows the purchaser to monitor the incoming and outgoing e-mail messages of user, read their saved drafts, and view attachments;

e.    SMS: Allows the purchaser to monitor the user's incoming and outgoing SMS messages;

f.    Voicemail:  Allows the purchaser to monitor incoming voicemail messages;

g.    Contacts:  Allows the purchaser to monitor the entries in the user's address book;

h.    Photos:  Allows the purchaser to monitor the photos on the user's phone;

i.    Videos:  Allows the purchaser to monitor the videos on the user's phone; and

j.    Appointments:  Allows the purchaser to monitor the user's calendar entries.

9.    Akbar and his employees and agents created a website to advertise StealthGenie,

www.stealthgenie.com, and hosted this website at a U.S.-based provider, Amazon Web Services, Inc. headquartered in Seattle Washington (hereinafter "AWS"). AWS provides web hosting services in the United States, including at a data center located in Ashburn, Virginia, which is in the Eastern District of Virginia. Language and testimonials on this website focused significantly on potential purchasers who did not have any ownership interest in the phone to be monitored, including those suspecting a spouse or romantic partner of infidelity.

10.     The domain name stealthgenie.com is registered at Verisign,Inc.located in Reston, Virginia 20190. Akbar and his employees and agents developed the testimonials for the website advertising StealthGenie, meaning they appear to be fictitious.

11.     Akbar and his employees and agents sell StealthGenie at this website to purchasers both inside and outside of the United States.

12.     Akbar and his employees and agents operate an online portal, located at subdomain cp.stealthgenie.com, that allows purchasers to review the wire and electronic communications intercepted from smartphone users. The intercepted communications, which included volumes of sensitive and personal information, are stored at AWS.

13.     Akbar and his employees and agents programmed StealthGenie to permit the app to synchronize the wire and electronic communications intercepted by the app with the server hosting the StealthGenie website in close-to-real time. This allows users to, at their option, review intercepted communications almost immediately, from any computer with access to the Internet.

14.     Akbar and his employees and agents programmed StealthGenie to make the app undetectable to average smartphone users, once operational. To install the app, a purchaser needs only to obtain physical control over the phone to be monitored for a few minutes. The

4

purchaser can then review communications intercepted from the monitored phone without ever again having physical control over the phone.

15. Akbar and his employees and agents developed a business plan for the development, sale, and advertisement of StealthGenie. This document explained that "StealthGenie application [once] installed on the phone is 100% undetectable and starts to upload onto the online server instantly." The document also noted that "[o]nce installed, the [S]tealth[G]enie application is completely undetectable and runs in the background of the mobile phone without disturbing any of the other functions running. . . . User only needs access to the target phone one time. Once installed, everything can be controlled from the online interface."

16. This business plan also stated that the first target population for the marketing of the app was "[s]pousal cheat: Husband/Wife of boyfriend/girlfriend suspecting their other half of cheating or any other suspicious behaviour or if they just want to monitor them." The document further explained that this "[s]pousal cheat" market would likely constitute sixty-five percent (65%) of total StealthGenie purchasers, and noted, "According to our market research[,] the majority chunk of the sales will come from people suspecting their partners to be cheating on them or just wanting to keep an eye on then [sic]."

17. On or about December 14, 2012, via www.stealthgenie.com, hosted by AWS, Akbar and his employees and agents sold the Android version of StealthGenie to an undercover agent of the Federal Bureau of Investigation in the Eastern District of Virginia.

18. On or about December 17, 2012, Akbar and his employees and agents made available wire and electronic communications intercepted from a smartphone transmitting such communications in the Eastern District of Virginia, to wit, by intercepting wire and communications from an Android smartphone operated by an undercover agent of the Federal

Bureau of Investigation and then making such communications available on the StealthGenie website.

19.    As of the date of this Complaint, the StealthGenie website and its associated domain name remain active and operational.  The website continues to be hosted by AWS.

COUNT I
(Injunctive Relief under 18 U.S.C. § 2521)

20.    The United States of America alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

21.    Defendant is engaging in violations of Title 18, United States Code, Sections 2512(1)(b) (sale of an interception device), 2512(1)(c)(i) (advertisement of a known interception device), and 2512(1)(c)(ii) (advertising a device as an interception device), by means of marketing, advertising, and selling StealthGenie.

Pursuant to Title 18, United States Code, Section 2521, the United States of America requests the issuance of a temporary restraining order, preliminary injunction, and permanent injunction against the defendants and their agents in order to prevent a continuing and substantial injury to unknowing smartphone users whose communications are being surreptitiously intercepted by StealthGenie.

PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that the Court:

A.    Pursuant to Title 18, United States Code, Section 2521, enter a preliminary injunction and permanent injunction against the Defendant and his agents, servants, employees, and all persons and entities in active concert or participation with him from engaging in any of the activity complained of herein or from causing any of the injury complained of herein and

6

from assisting, aiding or abetting any other person or business entity from engaging in or

performing any of the activity complained of herein or from causing any of the injury

complained of herein;

      B.    Order such other relief that the Court deems just and proper.

                Respectfully submitted,

                Dana J. Boente
                United States Attorney

By:              *Kevin J. Mikolashek*

                Kevin J. Mikolashek
                Jay V. Prabhu
                Assistant United States Attorneys
                United States Attorney's Office
                Counsel for the United States
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Phone: (703) 299-3700
                Fax:   (703) 299-3981
                Email: jay.prabhu@usdoj.gov
                Kevin.mikolashek@usdoj.gov

                William A. Hall, Jr.
                Trial Attorney
                Criminal Division, U.S. Department of Justice
                1301 New York Ave., NW, Ste. 600
                Washington, DC 20530
                Phone: (202) 353-4249
                Fax:   (202) 514-6113
                Email: william.a.hall@usdoj.gov