IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil No. 1:14-cv- 1273 |
| v. | ) | |
| | ) | **FILED *EX PARTE* AND UNDER SEAL** |
| HAMMAD AKBAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## TEMPORARY RESTRAINING ORDER

Plaintiff, the United States of America, has filed a complaint for injunctive relief pursuant to 18 U.S.C. § 2521, based on Defendant's violation of 18 U.S.C. § 2512. The Government has also moved *ex parte* for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and 18 U.S.C. § 2521.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having reviewed the papers, declaration, exhibits, and memorandum filed in support of the Government's Motion for a Temporary Restraining Order, Order to Show Cause and Other Ancillary Relief, the Memorandum of Law in support thereof ("Memorandum of Law"), as well as the accompanying declaration, the Court hereby makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over the subject matter of this case.

2. There is good cause to believe that Defendant has engaged in and is likely to engage in acts or practices that violate 18 U.S.C. § 2512, and that the Government is, therefore, likely to prevail on the merits of this action.

3. There is good cause to believe that, unless Defendant is restrained and enjoined by Order of this Court, immediate and irreparable harm will result from Defendant's ongoing violations of 18 U.S.C. § 2512.

4. There is good cause to believe that if such conduct continues, it will cause irreparable harm to individuals in the United States. There is also good cause to believe that Defendant will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this Court.

5. There is good cause to believe that providing Defendant with advance notice of this action would cause immediate and irreparable damage to this Court's ability to grant effective final relief.

6. Based on the evidence submitted by the Government, there is good cause to believe that – if Defendant were to be notified in advance of this action – Defendant could shift his hosting provider and domains, or take other technical steps to avoid the planned disablement of his operations if informed in advance of the Government's actions.

7. The Government's request for this *ex parte* relief is based upon the Defendant's illegal conduct.

7. The Government has demonstrated good cause to believe that Defendant has directed his illegal activity at individuals located in the Eastern District of Virginia by, amongst other things, marketing, advertising, and selling StealthGenie in this District.

8. The Government has demonstrated good cause to believe that to immediately halt the injury caused by Defendant, Defendant must be prohibited from marketing, advertising, and selling StealthGenie using a web server account at Amazon Web Services, Inc.

9. The Government has demonstrated good cause to believe that to immediately halt the injury caused by Defendant, the domain name stealthgenie.com must be immediately be made inaccessible.

## TEMPORARY RESTRAINING ORDER

**IT IS THEREFORE ORDERED that** in accordance with Fed. R. Civ. P. 65(b), good cause and the interests of justice require that this Order be granted without prior notice to Defendant, and accordingly, the Government is relieved of the duty to provide Defendant with prior notice of the Government's Motion and related filings.

**IT IS THEREFORE ORDERED** that Defendant, his officers, agents, servants, and employees, and persons who are in active concert or participation with him are temporarily restrained and enjoined from marketing, selling, or advertising any product primarily useful for the surreptitious interception of wire, oral, or electronic communications, and in particular, are prohibited from marketing, selling, or advertising StealthGenie.

**IT IS FURTHER ORDERED** that Amazon Web Services, Inc., shall take the following actions:

1. Restrain and lock any and all account(s) associated with StealthGenie to take all information associated with the account(s) offline, including but not limited to any account associated with the operation of the website www.stealthgenie.com, subdomain cp.stealthgenie.com, or generally associated with domain stealthgenie.com;

2. Make the relevant account(s) associated with StealthGenie inaccessible to Defendant or Defendant's representatives;

3. Refrain from providing any notice or warning to, or communicating in any way with Defendant or Defendant's representatives and refrain from disclosing this Order until such time as this Order is no longer under seal, except as necessary to execute this Order; and

4. Provide reasonable assistance in implementing the terms of this Order and take no action to frustrate the implementation of this Order.

**IT IS FURTHER ORDERED** that, with respect to domain stealthgenie.com, Verisign, Inc. shall take the following actions:

1. Restrain and lock domain stealthgenie.com, so as to block connection attempts to any Internet resources associated with the domain;

2. Take all reasonable measures to propagate any needed changes through the Domain Name System as quickly as practicable;

3. Prevent any further modification to, or transfer of, the domains without the previous authorization of this Court;

4. Refrain from providing any notice or warning to, or communicating in any way with Defendants or Defendants' representatives and refrain from disclosing this Order until such time as this Order is no longer under seal, except as necessary to execute this Order; and

5. Provide reasonable assistance in implementing the terms of this Order and take no action to frustrate the implementation of this Order.

**IT IS FURTHER ORDERED** that a briefing schedule and a hearing date to determine whether the United States is entitled to a preliminary injunction and/or a permanent injunction will be set in a forthcoming Order.

**IT IS FURTHER ORDERED** that this Order shall expire on the 6th day of October 2014, at 10:30 a.m./~~p.m.~~, subject to the further Order of this Court.

Entered this 26th day of September, 2014 at 4:45 /p.m.

/s/ *[signature]*
Leonie M. Brinkema
United States District Judge